### JAMES CLAYTON v. SOLOMON BANKS, Negro.

Court of Common Pleas. December 3, 1814.

*Clayton's Notebook, 37.*

*Hall, contra.* In cases of petitions for freedom, which are similar to this, a *capias* never issues, but a summons. Besides, plaintiff might have presented his petition before the term expired.

*Brinckle.* This case [is] materially different from petition for freedom. There petitioner demands his freedom only; he claims no duty, the recovery of which the pretended master might avoid by absconding, but here we claim an indemnity for our losses by service, which defendant may avoid if permitted to go at large, 1 Del.Laws 211. As to the laches imputed to us, we are clearly guilty of none, as defendant was never within our reach until his term of servitude had expired.

PER CURIAM. The motion seems reasonable. Let the writ issue returnable forthwith.

*Hall* today moved to discharge the Negro on filing common bail. He read the indenture and assignments.

*Brinckle* opposed it: first, because he had no notice, and so *Hall* could take nothing by his motion but a rule *nisi.* Plaintiff, he said, was taken by surprise. At any rate, as plaintiff had verified his petition by affidavit, and as the Court had thereon awarded a *capias,* they would not now turn about and discharge the defendant. This would make the *capias* frivolous. Besides, defendant will be out of reach before we can proceed a step further.

PER CURIAM. It would be hard to detain defendant until next term in prison. The Court think he should be discharged on filing common bail.

Rule granted.

HALL and WAY, JUSTICES, absent.